1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

10
11

| ANTHONY YOUNG, | ) | NO. CV 11-3946 GHK (SS) |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM AND ORDER DISMISSING** |
| COUNTY OF LOS ANGELES, ET AL., | ) | **COMPLAINT WITH LEAVE TO AMEND** |
| Defendants. | ) | |

12
13
14
15
16
17
18
19
20

**I.**

**INTRODUCTION**

21
22
23
24
25
26
27

On May 6, 2011, Anthony Young ("Plaintiff"), a California state prisoner proceeding <u>pro se</u>, lodged a Civil Rights Complaint (the "Complaint") and filed a request to proceed <u>in forma pauperis</u> (the "IFP Request"). On May 12, 2011, this Court granted Plaintiff's IFP Request and deemed Plaintiff's Complaint filed with the Court. For the reasons stated below, the Complaint is dismissed with leave to amend.

28

Congress mandates that district courts perform an initial screening of complaints in civil actions where a prisoner seeks redress from a governmental entity or employee. 28 U.S.C. § 1915A(a). This Court may dismiss such a complaint, or any portions thereof, before service of process if it concludes that the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1-2); see also Lopez v. Smith, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (en banc).

## II.

## ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that the following nine defendants violated his civil rights while performing their duties at the Los Angeles Sheriff's Department Men's Central Jail and Twin Towers Correctional Facility: (1) County of Los Angeles (the "County"); (2) Sheriff Leroy D. Baca ("Sheriff Baca"); (3) custody assistant Alex Manning ("Officer Manning"); (4) psychiatric technician Diane Tiniakoff ("Ms. Tiniakoff"); (5) psychiatrist Dr. Weiss; (6) Sedgwick Claims Management Services ("Sedgwick"); (7) Sedgwick claims adjuster Greg Abramson ("Mr. Abramson"); (8) Deputy Yanez; and (9) Doe Defendants one through thirty ("Does") (collectively "Defendants"). (Complaint at 3-5).[1] Plaintiff sues all Defendants in their individual capacities and also sues the

---

[1] The Complaint consists of a form complaint followed by a lengthy handwritten complaint that attempts to set forth in detail Plaintiff's allegations. The Court will cite to the form complaint and handwritten complaint as though they formed a single, consecutively paginated document.

County and Sedgwick in their official capacities. (Id.).  In addition, the Complaint attempts to raise causes of action against two defendants who are not listed in the form complaint, on the caption of the handwritten complaint, or in the accompanying summons:  (10) Los Angeles County Sheriff's Department ("Sheriff's Department"); and (11) the Sheriff's Department Medical Division ("Medical Division").  (Id. at 3-5, 8, 48, 52) (collectively, the "unnamed Defendants").  The Complaint does not indicate whether Plaintiff is suing the Sheriff's Department and Medical Division in their individual or official capacities, or both.

     Plaintiff alleges eight causes of action under both state and federal law.  (See Complaint at 41-52).  First, Plaintiff alleges that the County, Sheriff Baca, Officer Manning, Ms. Tiniakoff, Dr. Weiss, Deputy Yanez and Does 1-30 "denied Plaintiff medical care after numerous requests" knowing that their actions "were likely to cause Plaintiff [m]ental, emotional, psychological anguish and physical injury."  (Id. at 41).  Second, Plaintiff alleges that Officer Manning, the County, and Does 1-15 "knowingly used excessive force against Plaintiff" in violation of his Eighth and Fourteenth Amendment rights by "assaulting [and] beating [P]laintiff while [h]andcuffed until it rendered him unconscious causing serious bodily injuries and damages."  (Id. at 42).  In claims three, four and five, Plaintiff alleges that Officer Manning violated California Civil Code section 51.7 (id. at 44), California Penal Code sections 422.6(a) and 422.75 (id. at 44-45), and California Civil Code section 43 (id. at 45-46) by physically and verbally assaulting Plaintiff due to Plaintiff's sexual orientation.  Sixth, Plaintiff alleges that Ms. Tiniakoff, Dr. Weiss, the County and Sheriff

3

Baca subjected Plaintiff to cruel and unusual punishment in violation of his Eighth and Fourteenth Amendment rights by committing him to a "maximum security psychiatric unit without any clothing . . . for weeks in temperatures well under 65 [degrees]" in an attempt "to silence, discipline, humiliate and dehumanize [P]laintiff." (Id. at 46-47).

Seventh, Plaintiff alleges that unnamed Defendant Medical Division was negligent and deliberately indifferent to his medical needs during his psychiatric commitment by administering his "Anti-AIDS Retro-viral medications" "sparingly and inconsistently," which caused Plaintiff to develop "[r]esistance to his normal and [r]egularly [p]rescribed HIV Suppressant Medication Regimen." (Complaint at 49-50). Eighth, Plaintiff alleges that unnamed Defendant Sheriff's Department negligently "forced Plaintiff to enter into an unsupervised inmate holding cell with General Population inmates" despite Plaintiff's classification as a "homosexual" inmate, which resulted in Plaintiff being "assaulted, attacked and severely beaten unconscious by several inmate gang members." (Id. at 53).

Plaintiff seeks $7,500,00.00 in compensatory damages, $7,500,000.00 in exemplary damages, and $30,000,000.00 in punitive damages. (Complaint at 59). Plaintiff also asks for reasonable attorney fees and costs. (Id. at 58). Finally, Plaintiff seeks declaratory and injunctive relief, asking for a "judicial declaration of the rights and duties of the respective parties" (id. at 57) and an order enjoining "Defendants from engaging in unlawful conduct complained of herein." (Id. at 56, 58).

**III.**

**DISCUSSION**

Under 28 U.S.C. § 1915A(b), the Court must dismiss Plaintiff's Complaint due to defects in pleading.  Pro se litigants in civil rights cases, however, must be given leave to amend their complaints unless it is absolutely clear that the deficiencies cannot be cured by amendment. See Lopez, 203 F.3d at 1128-29; see also Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995).  Accordingly, the Court grants Plaintiff leave to amend, as indicated below.[2]

**A.   Plaintiff's Complaint Must Be Dismissed For Failure To State A Claim Against The County Of Los Angeles**

Plaintiff has named the County of Los Angeles as a defendant. (Complaint at 3-4, 41-43, 46-48).  When an individual sues a local government for violation of his constitutional rights, the municipality is liable if the individual can establish that the local government "had a deliberate policy, custom, or practice that was the 'moving force' behind the constitutional violation he suffered." Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694-95, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)).  In Monell, however, the Supreme Court specifically rejected

---

[2] Magistrate judges may dismiss a complaint with leave to amend without approval of the district judge.  See McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

1   governmental liability based on the doctrine of <u>respondeat superior</u>.
2   <u>Monell</u>, 436 U.S. at 691-94.   Thus, a government body cannot be held
3   liable under Section 1983 merely because it employs a tortfeasor.   <u>Id.</u>
4
5        Plaintiff's allegations primarily involve separate instances of
6   assault, battery and medical negligence by individual defendants.
7   Plaintiff specifically claims that the County "assumes definate [sic]
8   liability and responsibility for the injuries and damages caused through
9   the actions of its representatives and/or employees
10  thereof."  (Complaint at 43).   However, this theory of vicarious
11  liability is specifically precluded by <u>Monell</u>.   <u>Monell</u>, 436 U.S. at
12  691-94.
13
14       Furthermore, these isolated incidents do not suffice to state a
15  claim against the County for an unconstitutional policy.  "A plaintiff
16  cannot prove the existence of a municipal policy or custom based solely
17  on the occurrence of a single incident of unconstitutional action by a
18  non-policymaking employee." <u>Davis v. City of Ellensburg</u>, 869 F.2d 1230,
19  1233 (9th Cir. 1989); <u>see also</u> <u>Thompson v. City of Los Angeles</u>, 885 F.2d
20  1439, 1444 (9th Cir. 1989) (noting that "proof of random acts or
21  isolated events are insufficient to establish a custom" within the
22  meaning of <u>Monell</u>).  The Complaint does not identify any specific County
23  policy that caused Plaintiff's alleged injuries.   Rather, Plaintiff
24  vaguely alleges that the County has "establish[ed] and enforced Rules
25  [and] regulations that [have] caused the [D]efendants to enforce laws
26  to violate the [P]laintiff's rights . . . ."   (Complaint at
27  43).  Insofar as Plaintiff is suing a municipal entity, he must identify
28  some official municipal policy that violated his constitutional rights.

1  <u>Monell</u>, 436 U.S. at 690-91; <u>Christie v. Iopa</u>, 176 F.3d 1231, 1235 (9th
2  Cir. 1999).   Accordingly, the Complaint is dismissed with leave to
3  amend.

4

5  **B.   Plaintiff Fails To Show Personal Participation By Sheriff Baca And**
6       **Therefore His Claims Against Baca Must Be Dismissed**

7

8       To demonstrate a civil rights violation against county officials,
9  a plaintiff must show either direct, personal participation or some
10 sufficient causal connection between the officials' conduct and the
11 alleged constitutional violation.  <u>See</u> <u>Jones v. Williams</u>, 297 F.3d 930,
12 934 (9th Cir. 2002).  To be held liable, a supervising officer has to
13 personally take some action against the plaintiff or "set in motion a
14 series of acts by others . . . which he knew or reasonably should have
15 known, would cause others to inflict the constitutional injury" on the
16 plaintiff.  <u>Larez v. City of Los Angeles</u>, 946 F.2d 630, 646 (9th Cir.
17 1991) (internal quotations omitted).  Government officials may not be
18 held liable for the unconstitutional conduct of their subordinates under
19 a theory of <u>respondeat</u> <u>superior</u>.  <u>See</u> <u>Ashcroft v. Iqbal</u>, ___ U.S. ___,
20 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009).  In order to hold a
21 supervisor liable for civil rights violations, a plaintiff must show
22 either personal participation or a causal connection between the
23 supervisor's wrongful conduct and the constitutional violation.  <u>Starr</u>
24 <u>v. Baca</u>, ___ F.3d ___, 2011 WL 2988827, at * 4 (9th Cir. July 25, 2011).

25

26      Plaintiff generally alleges that Sheriff Baca "knowingly denied
27 Plaintiff medical care [a]fter numerous requests" (Complaint at 41) and
28 wrongfully "allowed the other [D]efendants to allow Plaintiff to live

7

in . . . unhealthy and dehumanizing conditions" while in psychiatric segregation. (Id. at 47). However, the Complaint does not allege facts that establish either personal involvement by Sheriff Baca or any causal connection between his actions and the constitutional violations of which Plaintiff complains. The allegations themselves are not plausible, as the Court doubts that Baca was personally involved in the denial of Plaintiff's requests for medical care. Plaintiff must allege specific facts showing what Sheriff Baca personally did or did not do, when and where, and how his action or inaction directly caused a violation of Plaintiff's civil rights. Accordingly, Plaintiff's claims against Sheriff Baca are dismissed. Though it appears unlikely that Plaintiff can rectify the defects in his claims as asserted against Sheriff Baca, the Court nevertheless grants him leave to amend. Lopez, 203 F.3d at 1127-29.

C.   **Plaintiff Fails To Show Personal Participation by Deputy Yanez And Therefore His Claim Against Yanez Must Be Dismissed**

     Plaintiff sues Deputy Yanez in his individual capacity for being deliberately indifferent to Plaintiff's medical needs. (Complaint at 5, 41). However, the Court cannot identify any factual allegations giving rise to Deputy Yanez's liability. Plaintiff alleges that Deputy Yanez removed Plaintiff from the general population when other inmates assaulted Plaintiff and later stated that the guards incorrectly and negligently placed Plaintiff with the general population. (Id. at 24, 25-26). Plaintiff's allegations suggest that Deputy Yanez actually saved Plaintiff from injury rather than incurred any responsibility for Plaintiff's injuries. Thus, Plaintiff's allegations do not allow the

8

1  Court to plausibly infer any possible basis for Deputy Yanez's

2  liability.  See Iqbal, 129 S. Ct. at 1949.  Accordingly, Plaintiff's

3  claim against Defendant Yanez is dismissed, with leave to amend.

4

5  **D.   Plaintiff Fails To Show Personal Participation By Dr. Weiss And**

6  **Therefore His Claims Against Weiss Must Be Dismissed**

7

8       As with the claim against Deputy Yanez, the Court cannot identify

9  any factual allegations in the Complaint that would give rise to

10  liability on the part of Dr. Weiss.  Plaintiff sues Dr. Weiss in his

11  individual capacity for deliberate indifference to Plaintiff's medical

12  needs and cruel and unusual punishment.  (Complaint at 4, 41, 46-47).

13  Plaintiff bases his claims against Dr. Weiss on a general allegation

14  that Plaintiff's requests for medical treatment were ignored (id. at 41)

15  and that Dr. Weiss, along with psychiatric technician Ms. Tiniakoff,

16  "placed Plaintiff in a complete isolation [sic] in a maximum security

17  psychiatric unit" where conditions were so "unhealthy and dehumanizing"

18  as to constitute cruel and unusual punishment.  (Id. at 46-

19  47).  However, Plaintiff does not identify any specific acts of

20  wrongdoing by Dr. Weiss.  Elsewhere in the Complaint Plaintiff appears

21  to allege that only Ms. Tiniakoff ordered his confinement (id. at 24-

22  25), and nowhere does Plaintiff allege that he specifically requested

23  medical care from Dr. Weiss for the physical injuries that appear to

24  form the basis of Plaintiff's deliberate indifference claim.  (Id. at

25  24, 41).  None of Plaintiff's allegations give rise to the inference

26  that Dr. Weiss took any actions that injured Plaintiff.  Accordingly,

27  the claims against Dr. Weiss are dismissed, with leave to amend.

28

**E.    Plaintiff Fails To Name Defendants Sedgwick And Mr. Abramson In Any Cause Of Action**

Plaintiff also fails to state a claim against defendants Sedgwick and Mr. Abramson.   Plaintiff claims that Sedgwick was hired by the County as the "Administrator for [the] Hospital and professional liability program of the County of Los Angeles" and that Mr. Abramson was a "professional liability claims adjuster" for Sedgwick. (Complaint at 14).   Although Sedgwick and Mr. Abramson are named defendants in the Complaint, (Complaint at 4-5, 14), none of Plaintiff's eight causes of action appears to assert any claims against either of these defendants. (See Complaint at 41-56).   To state a claim under § 1983, Plaintiff must allege the deprivation of a constitutional right by a person acting under color of law.   See Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003).   Because none of Plaintiff's causes of action allege wrongdoing by either Sedgwick or Mr. Abramson, the Complaint must be dismissed as to these two defendants.   The Court, in an excess of caution, grants leave to amend.   However, Plaintiff is strongly advised to omit claims against any defendant in any future complaint for which Plaintiff cannot allege a factual basis for liability.

**F.    Plaintiff Fails To Properly Name Sheriff's Department And Medical Division As Defendants**

Although Plaintiff attempts to assert causes of action against the the Los Angeles County Sheriff's Department and Medical Division in the body of the Complaint (Complaint at 48-56), the Complaint fails to name these two defendants either in the list of defendants in the form

complaint or on the caption page of the handwritten complaint and their names are omitted from the Summons submitted with the Complaint as well. (Id. at 5-9, 48-56).  Individuals or entities named as "defendants" only in the body of the Complaint have not been presented properly as parties, and the Court does not recognize them as defendants in this action.   See Fed. R. Civ. P. 10(a); Local Rule 11-3.8(d); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1262-63 (9th Cir. 1992) (affirming dismissal of pro se litigant's civil rights action in lower court for refusal to comply with court orders to name defendants in the caption). If Plaintiff files an amended complaint, he must include in the caption the names of each defendant against whom he is asserting a claim. Furthermore, Plaintiff shall only name defendants who have had personal participation in the alleged civil rights violations.

**G.   Plaintiff's Complaint Violates Federal Rule Of Civil Procedure 8**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  To avoid dismissal, a complaint must contain "more than labels or conclusions" or "a formulaic recitation of the elements of a cause of action."  Twombly, 550 U.S. at 555; see also Iqbal, 129 S. Ct. at 1949 ("Rule 8 . . . does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").  In other words, the plaintiff must articulate "enough facts to state a claim to relief that

11

1   is plausible on its face." <u>Twombly</u>, 550 U.S. at 570.  "A claim has
2   facial validity when the plaintiff pleads factual content that allows
3   the court to draw the reasonable inference that the defendant is liable
4   for the misconduct alleged." <u>Iqbal</u>, 129 S. Ct. at 1949.  "The
5   plausibility standard is not akin to a 'probability requirement,' but
6   it asks for more than a sheer possibility that a defendant has acted
7   unlawfully" or "facts that are 'merely consistent with' a defendant's
8   liability." <u>Id.</u>  In <u>Cafasso, U.S. ex rel. v. General Dynamics C4</u>
9   <u>Systems, Inc.</u>, 637 F.3d 1047, 1059 (9th Cir. 2011), the court clarified
10  that lengthy complaints violate Rule 8 if a defendant would have
11  difficulty responding to the complaint.

12

13      Here, Defendants would have difficulty responding to Plaintiff's
14  Complaint.  Although not as lengthy as the complaint <u>Cafasso</u>, the length
15  and structure of Plaintiff's Complaint and the vagueness of many of
16  Plaintiff's claims make it difficult to identify the specific factual
17  allegations giving rise to each claim.  Plaintiff's Complaint, including
18  both the form complaint and the handwritten complaint, spans sixty
19  pages. (Complaint at 1-60).  Plaintiff's Complaint contains a long and
20  rambling narrative of certain events that occurred on April 12, 2010 and
21  from June 22, 2010 through July 21, 2010. (<u>See</u> <u>id.</u> at 16-40).  Although
22  it appears that some of Plaintiff's factual allegations may relate to
23  certain of Plaintiff's eight stated causes of action, Plaintiff fails
24  to identify the specific incidents that give rise to each of his
25  individual claims.  (<u>See, e.g.</u>, <u>id.</u> at 41 (alleging deliberate
26  indifference to Plaintiff's medical needs but not referring to any
27  specific incidents giving rise to Defendants' liability)).  Also, the
28

1  Court cannot decipher if Plaintiff's last two causes of action are for

2  negligence or civil rights violations.  (See id. at 48-56).

3

4      In addition, the Complaint contains unnecessary details and

5  irrelevant facts, (see, e.g. Complaint at 19 ("Plaintiff Young admits

6  to being frustrated over the events and verbal dispute between himself

7  and Officer Manning")), and long paragraphs containing multiple

8  allegations.  (See, e.g., id. at 29).  For the above stated reasons,

9  Plaintiff's Complaint fails to satisfy Rule 8 and does not give

10 defendants fair notice of the grounds for Plaintiff's claims.  See

11 Twombly, 550 U.S. at 555.  Accordingly, the Complaint is dismissed with

12 leave to amend.

13

14                        **IV.**

15                  **CONCLUSION**

16

17     For the reasons stated above, Plaintiff's Complaint is dismissed

18 with leave to amend.  If Plaintiff still wishes to pursue this action,

19 he is granted **thirty (30) days** from the date of this Memorandum and

20 Order within which to file a First Amended Complaint.  In any amended

21 complaint, the Plaintiff shall cure the defects described above. The

22 First Amended Complaint, if any, shall be complete in itself and shall

23 bear both the designation "First Amended Complaint" and the case number

24 assigned to this action.  It shall not refer in any manner to the

25 original Complaint.  Plaintiff shall limit his action only to those

26 Defendants who are properly named in such a complaint, consistent with

27 the authorities discussed above.

28

13

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims.  Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, <u>a copy of which is attached</u>.**  In any amended complaint, Plaintiff should make clear what specific factual allegations give rise his claims.  Plaintiff is strongly encouraged to keep his statements concise and to omit irrelevant details.  It is not necessary for Plaintiff to cite case law or include legal argument.

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint, or failure to correct the deficiencies described above, will result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).  <u>Plaintiff is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1).  A form Notice of Dismissal is attached for Plaintiff's convenience</u>.**

DATED: August 2, 2011

                              _____/S/_____
                              SUZANNE H. SEGAL
                              UNITED STATES MAGISTRATE JUDGE